## Case No. 8,399.

### In re LITTLEFIELD.

[1 MacA. Pat. Cas. 574.]

Circuit Court, District of Columbia. June, 1858.

COMMISSIONER OF PATENTS—DECISIONS OF PREDECESSORS—NOVELTY AND INVENTION—RAILROAD SWITCH.

[1. The commissioner held to have properly refused to disturb the decision of his predecessor, upon vague and loose affidavits filed long after the rejection of the claim.]

[2. A claim for an automatic railroad switch operated by an eccentric held to be entirely destitute of novelty and invention.]

[This was an appeal by A. S. Littlefield from a decision of the commissioner of patents refusing to grant him a patent for an automatic switch for railroads.]

J. J. Greenough, for appellant.

MERRICK, Circuit Judge. The undersigned has carefully examined the claim of the applicant, and has considered the decision of the commissioner, as well as the reasons of appeal filed by the applicant, and his said argument by J. J. Greenough, solicitor, in his behalf. The claim is one so entirely destitute of novelty that it is deemed altogether unnecessary to pass in detailed review the reasons for its rejection which have been assigned by the commissioner of patents. They are entirely satisfactory to my mind, and depending upon such plain and well-settled principles of the patent law [5 Stat. 117], that no analysis could make them more intelligible or cogent. The affidavits which have been filed in the case, for the purpose of meeting the objections taken by the commissioner and to bring the case within the rule that although a change be small, yet when it produces consequences and results of the greatest practical utility, the change and its consequences, taken together, furnish evidence of sufficient invention to support a patent, will be found on inspection to be undeserving the consequence endeavored to be attached to them in the argument. What are they? First, two unsworn certificates of the president and six directors of the Connecticut and Passumpsic River Railroad, dated, one July 11th, 1854, the other on July 31st, 1854, certifying that the parties had several times on a summer's day seen a passenger engine run over the switch, and that they were pleased with the precision and certainty of its operation. The next is also an unsworn certificate of one Charles F. Thomas, mechanical engineer of Taunton and New Bedford Railroad, dated October 28th, 1854, who also states that he saw the switch operated several times as if by magic. These certificates need no other remark than that they manifestly apply to the rejected application of Littlefield of August 9th, 1854, which was rejected by the office in October, 1854, in which he claimed to operate his switch with a toggle joint, and not the

eccentric now claimed. The next certificate is dated in October, 1855, from Amos Burnham, road-master of the New Bedford and Taunton Branch Railroad. This is the same road mentioned in the preceding certificate of Charles F. Thomas, and there is nothing to show that it does not refer to the same toggle-joint switch; and if it meant the arrangement now in question it would seem natural that it should have pointed to the change or improvement, and especially as it was sent to the office in the same parcel as the preceding; and it was manifestly designed that the office should consider them all as pointed to the same invention, they not being filed there until February, 1857, for the purpose of influencing a decision upon an application to which the other three certainly had no reference. This circumstance of suspicion, derived from the company in which it is found, would be enough to discredit the paper were it, from the nature of the facts set forth, otherwise entitled to any weight. With regard to the two affidavits filed in March, 1858, long after the rejection of the claim by the office, they are vague and altogether inconclusive of any material fact. They were very properly considered inadmissible by the present commissioner, and furnishing no ground to disturb the decision of his predecessor. If upon such loose matter any solemn determination could be disturbed, nothing would ever be considered settled, nor could any reliance be placed by the public upon the action of the patent office. I feel no disposition to give encouragement to parties to agitate cases upon such flimsy pretexts, and have therefore taken occasion to give these several papers more extended consideration than they deserve. Upon the whole case, I am of opinion there is no error in the decisions of the office; and accordingly I certify to the Honorable Joseph Holt, commissioner of patents, that the judgment rejecting the application of A. S. Littlefield is affirmed, and a patent to him refused.